UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **INFORMED CONSENT ACTION NETWORK,**<br><br>      **Plaintiff,**<br><br> v.<br><br>**FOOD AND DRUG ADMINISTRATION,** *et al.*,<br><br>      **Defendants.** | Case No. 25-cv-824 (GMH) |

## **MEMORANDUM OPINION AND ORDER**

  Before the Court is the government's motion to stay this action to compel it to produce documents responsive to Plaintiff Informed Consent Action Network's ("ICAN") Freedom of Information Act request. ECF No. 15. For the reasons explained below, the Court will grant the government's motion.

  ICAN, a Texas not-for-profit organization, sued the Food and Drug Administration ("FDA") and the U.S. Department of Health and Human Services ("HHS") to compel production of documents which ICAN had requested under FOIA on August 17, 2020. *See* ECF No. 1 at 2. Specifically, ICAN seeks communications referring to certain agency guidance on the development of COVID-19 vaccines. *Id.* The government moved to stay proceedings for eighteen months under FOIA's provision that the Court may "allow the agency additional time to complete its review of the records" if the agency can show both (1) "exceptional circumstances" causing delay and (2) that the agency employed "due diligence in responding to the request." 5 U.S.C. § 552(a)(6)(C)(i); *see Open Am. v. Watergate Special Prosecution Force*, 547 F.2d 605, 616 (D.C. Cir. 1976). ICAN responds that this statutory language does not authorize the Court to order a

stay, and in the alternative, that the government fails to show "exceptional circumstances" and "due diligence." *See* ECF No. 16 at 13–14, 24.

The Court begins with ICAN's contention that courts are not in fact authorized under the statute to stay proceedings. In ICAN's view, "the court's role is to enforce compliance" with FOIA's deadlines and "does not include authority to suspend litigation altogether." ECF No. 16 at 15. In so arguing, ICAN squarely contradicts Circuit precedent holding that, subject to the required showings of "exceptional circumstances" and "due diligence," courts have authority to modify timelines for production. *See Open Am.*, 547 F.2d at 616 (explaining that when an agency shows exceptional circumstances and due diligence, "the time limits prescribed by Congress" in FOIA "become not mandatory but directory"). The Court need not address the merits of ICAN's manifold attacks on *Open America*'s reasoning, *see* ECF No. 16 at 15–24, except to note that none challenge the decision's status as precedent binding on this Court. Therefore, as other courts in this Circuit have already held, ICAN's arguments are more properly addressed to the Court of Appeals. *See Informed Consent Action Network v. FDA*, 25-cv-823, 2025 WL 2938703, at *2 (D.D.C. Oct. 16, 2025).

Turning to the stay request itself, the government must show both (1) the existence of "exceptional circumstances" and (2) "due diligence" in attempting to honor ICAN's FOIA request. § 552(a)(6)(C)(i). "'Exceptional circumstances exist' when an agency," for instance, "is deluged with a volume of requests for information vastly in excess of that anticipated by Congress" and "existing resources are inadequate to deal with the volume of such requests within the time limits" prescribed by the statute. *Open Am.*, 547 F.2d at 616. Agencies may demonstrate "due diligence" in responding to their FOIA obligations by, for example, sorting requests into separate tracks according to the amount of labor they require, processing requests on a first-in, first-out basis,

allocating additional staff in response to increased workload, and hiring new staff.  *See Democracy Forward Found. v. Dep't of Just.*, 354 F. Supp. 3d 55, 61–62 (D.D.C. 2018); *Appleton v. FDA*, 254 F. Supp. 2d 6, 9–10 (D.D.C. 2003).

The government has made the required showings with respect to both criteria.  Four orders issued in two cases in the Northern District of Texas create "exceptional circumstances," *see* ECF No. 15-1 at 13–16 (describing document production requirements imposed in *Pub. Health & Med. Pros. for Transparency v. FDA* (*PHMPT I*), Civ. A. No. 21-1058 (N.D. Tex.), and *Pub. Health & Med. Pros. for Transparency v. FDA* (*PHMPT II*), Civ. A. No. 22-0915 (N.D. Tex)).  These orders cumulatively require the government to produce over nine million pages of records by October 1, 2026; *PHMPT II* alone currently requires the government to produce at least 180,000 pages per month.  *See* ECF No. 15-2 at 4.  By contrast, "common practice for courts in this district"—the epicenter for FOIA litigation nationwide—"is to require processing 300–500 pages per month." *Informed Consent Action Network*, 2025 WL 2938703, at *3 (citing cases).  Other courts in this Circuit have thus already found the *PHMPT* litigation constitutes exceptional circumstances.  *See Child.'s Health Def. v. FDA*, No. 23-cv-220, 2024 WL 147851, at *3 (D.D.C. Jan. 12, 2024); *Informed Consent Action Network v. FDA*, No. 25-cv-827, 2025 WL 2480080, at *1 (D.D.C. Aug. 28, 2025).  If the production orders in *PHMPT I* and *II* do not constitute being "deluged with a volume of requests vastly in excess of that anticipated by Congress," *Open Am.*, 547 F.2d at 616, then it is difficult to imagine what would.[1]

---

[1] The scale of the government's backlog of requests should come as no surprise to ICAN, which "has submitted more than 350 FOIA requests seeking" records from the FDA's Center for Biologics Evaluation and Research (CBER), "approximately 220 of which remain pending." ECF No. 15-2 at 12.  "ICAN is the plaintiff in approximately twenty-three of thirty-four of the open lawsuits seeking CBER records." *Id.*  ICAN "can hardly overload CBER with hundreds of requests and then complain about the consequences of the backlog it created." *Informed Consent Action Network*, 2025 WL 2938703, at *3.

The government has also shown that it has exercised due diligence. CBER, the FDA office fielding ICAN's FOIA request as well as the *PHMPT* production, assigns incoming FOIA requests to one of several tracks according to complexity and other factors, processing requests in each track on a first-in, first-out basis. ECF No. 15-2 at 7–8. Operating within this basic framework, FDA and HHS have also made significant efforts to expand CBER's processing capacity for FOIA requests, including adding sixteen staff positions since 2022 and hiring ten contractors at a cost of approximately $3.5 million. *Id.* at 13, 15. Processing requests on first-in, first-out basis has by itself been held to constitute due diligence. *See Elec. Frontier Found. v. Dep't of Just.*, 517 F. Supp. 2d 111, 119 (D.D.C. 2007) (first-in, first-out processing has been "adopted by the D.C. Circuit as [a] sufficient showing of due diligence." (quoting *Edmond v. U.S. Att'y*, 959 F. Supp. 1, 3 (D.D.C. 1997))). The government's efforts here more than meet that standard.[2]

Finally, since the government has already had the benefit of a delay in proceedings while its motion remained pending, this Court will adopt the timeline employed by Chief Judge Boasberg in his order in *Informed Consent Action Network v. FDA*, 25-cv-823, granting a virtually identical stay request filed the same day as the stay request at issue here.

Accordingly, the Court **GRANTS** Defendants' motion to stay, ECF No. 15, and **ORDERS** that this matter shall be stayed until and including April 16, 2027.

**SO ORDERED.**

Date: January 29, 2026

G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE

---

[2] Since the government has satisfied the standards set by the statute and *Open America*, the Court need not consider its argument that the Court possesses inherent authority to issue a stay under *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).